UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS MCCARTHY,

        Plaintiff,

v.

DARRELL S. FARWELL, et al.,

        Defendants.

CASE NO. C11-5530BHS

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendants' motion for summary judgment. Dkt. 11. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

This action arises out of an arrest of Plaintiff Thomas McCarthy ("McCarthy") that occurred on August 2, 2008. Dkt. 1. On July 12, 2011, McCarthy filed the complaint in this action against Defendants alleging violations of 42 U.S.C. § 1983 and the Washington Constitution as well as a claim for negligence. *Id.* On August 28, 2011, counsel for McCarthy mailed waivers of personal service to the named Washington State

Patrol Defendants ("the WSP Defendants"). Dkt. 13 at 2. Counsel for Defendants filed a notice of appearance on September 14, 2011 specifically reserving all rights including those relating to service. Dkt. 8. The WSP Defendants did not return the waivers of personal service. *See* Dkt. 11-4. On October 28, 2011, Defendants filed a motion for summary judgment alleging, among other things, that McCarthy never properly served the WSP Defendants and that the statute of limitations had run on his claims. Dkt. 11. On October 31, 2011, McCarthy filed a motion for extension of time to personally serve Defendants. Dkt. 12. On November 9, 2011, Defendants responded to McCarthy's motion for extension of time (Dkt. 14) and on November 21, 2011, McCarthy replied (Dkt. 15). On November 25, 2011, McCarthy filed a response to Defendants' motion for summary judgment (Dkt. 18) and on December 1, 2011, Defendants replied (Dkt. 19).

## II. DISCUSSION

As an initial matter, the Court notes that McCarthy's claims against Defendants for assault and false imprisonment are subject to a two-year statute of limitation (*see* RCW § 4.16.100(1)) and therefore are time-barred regardless of the Court's decision regarding service on Defendants.

**A.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which

the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     Defendants' Motion for Summary Judgment**

Defendants seek summary judgment of all of McCarthy's claims against them based on statute of limitations issues, the Eleventh Amendment to the United States Constitution, and the lack of a legally recognized claim under the Washington Constitution. Dkt. 11. In McCarthy's response to the motion, he opposes Defendants' statute of limitations argument, does not respond to Defendants' argument regarding the claim under the Washington Constitution, and concedes that under the Eleventh Amendment, he is barred from suing Defendants in their official capacities and therefore is suing Defendants only in their individual capacities. Dkt. 18.

The focus of Defendants' motion is on the statute of limitations governing McCarthy's claims. Dkt. 11. Because this action arises out of an incident that occurred on August 2, 2008, under Washington law, McCarthy had three years to commence his lawsuit to prevent his negligence and § 1983 claims from being time barred by the statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 247-48 (stating that §1983 claims brought in a state with more than one statute of limitation is governed by the state's "residual" or "general personal injury" statute of limitations); *see also* RCW §§ 4.16.005 & 4.16.080(2) (stating that the statute of limitations for personal injury claims is three years). In order for McCarthy to "commence" his suit under Washington law, and toll the statute of limitations, he had to serve at least one defendant within ninety days of filing his complaint. RCW 4.16.170. Washington law specifically states that if service is not made within ninety days of filing of the complaint, "the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations." *Id*. Thus,

according to Defendants, McCarthy had until October 11, 2011 to serve a defendant and toll the statute of limitations. Dkts. 11, 19. McCarthy does not dispute Defendants' recitation of Washington law; rather, he argues that under Rule 4(m) of the Federal Rules of Civil Procedure, he had 120 days to effect service and did so on the 117th day.[1] Dkt. 18.

The Ninth Circuit, in *Torre v. Brickey*, 278 F.3d 917 (9th Cir. 2002), analyzed an issue, almost identical to the one before the Court, involving an Oregon statute of limitation and Rule 4(m) of the Federal Rules of Civil Procedure. In *Torre*, the Oregon law required a party to serve a defendant within sixty days of filing the complaint in order to "commence" the lawsuit and toll the statute of limitations. 278 F.3d at 919 (citing Or. Rev. Stat. § 12.020). The plaintiffs in *Torre* argued that because Rule 4(m) provides a 120-day period in which to serve a complaint, there was a conflict between state and federal service requirements. *Id*. The Ninth Circuit's explanation of why the plaintiffs' argument failed is instructive:

> There is no conflict between Rule 4(m) and Oregon law because "Rule 4(m) merely sets a procedural maximum time frame for serving a complaint, whereas [Or.Rev.Stat. § 12.020] 'is a statement of a substantive decision by that State that actual service on, and accordingly actual notice to, the defendant is an integral part of the several policies served by the

---

[1] The Court notes that although McCarthy maintains that he properly served Defendants on the 117th day after filing the complaint, it appears Defendants Edward R. Camden ("Camden") and Linda A. Allen ("Allen") have not been properly served. Because McCarthy is suing Camden and Allen in their individual capacities, even proper service of the summons and complaint on an agent designated to accept service of process on behalf of the Washington State Patrol, does not constitute proper service of Camden or Allen. *See* Fed. R. Civ. P. 4(e) (stating the requirements for personal service of process). Accordingly, the Court could dismiss McCarthy's claims against Allen and Camden as time-barred on this basis alone.

statute of limitations.'" *Habermehl v. Potter*, 153 F.3d 1137, 1139 (10th Cir. 1998) (quoting *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751 (1980) (emphasis in the original)). "[A] plaintiff in federal court thus has 120 days to effect service after filing a complaint only if this period enables him to serve within the statutory period for commencing an action controlled by state law." *Id*. Thus, because there is no conflict between the federal rule and state law, state law should apply. *See Walker*, 446 U.S. at 752-53. Under Oregon law, the action was not commenced until February 15, 2000, the date defendant was served with summons, and a date more than two years after October 20, 1997, the date the alleged battery was committed. The district court therefore correctly applied Oregon law and properly dismissed the action as time-barred.

*Id*. at 919-20.

Here, applying the Ninth Circuit's reasoning in *Torre*, the Court must dismiss McCarthy's claims as time-barred. McCarthy's claims arise out of an incident that occurred on August 2, 2008. Therefore, under Washington law, McCarthy had three years to commence a suit in order to toll the statute of limitations. *See* RCW 4.16.080(2). Once he filed a complaint on July 12, 2011, he had ninety days to serve a defendant in order to commence his suit and thereby toll the statue of limitations. *See* RCW 4.16.170. Although McCarthy's counsel sent waivers of service to Defendants and expected that those would be returned, McCarthy has not provided any authority that Defendants were required to return such waivers, or that the Court has discretion to toll the statute of limitations based on Defendants' failure to return the waivers of service. In addition, although McCarthy filed a motion for extension of time to serve Defendants, he failed to provide the Court with any authority that it has discretion to extend such time when the applicable statute of limitations has run. *See* Dkt. 12. Therefore, because McCarthy failed to serve any of the Defendants by October 11, 2011, under Washington law, the

statute of limitations has run on his claims.  *See* RCW 4.16.170; *Torre*, 278 F.3d at 919-20.  As the Ninth Circuit held in *Torre*, the fact that Rule 4(m) provides 120 days for a plaintiff to serve a complaint after it has been filed does not extend the state's applicable statute of limitations period.  278 F.3d at 919-20.  Accordingly, McCarthy's claims must be dismissed as time-barred.

For the reasons stated above, McCarthy's claims are dismissed as time-barred and the Court denies McCarthy's motion for extension of time to serve Defendants (Dkt. 12) as moot.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion for summary judgment (Dkt. 11) is **GRANTED** and McCarthy's motion for extension of time to serve Defendants (Dkt. 12) is **DENIED as moot**.

Dated this 3rd day of January, 2012.

BENJAMIN H. SETTLE
United States District Judge